```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

LISA R. EARLEY, and
ADAM EARLEY,

    Plaintiffs,

v.                           Case No. 8:21-cv-112-T-33AAS

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

    This cause comes before the Court sua sponte. For the reasons set forth below, this case is remanded to state court for lack of subject matter jurisdiction.

## Discussion

    "Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

    Plaintiffs Lisa and Adam Early initiated this insurance action in state court on December 2, 2020. (Doc. # 1-4). On

January 14, 2021, Defendant Metropolitan Casualty Insurance Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not specify the amount in controversy. (Doc. # 1-4 at ¶ 3) ("The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00) including attorney fees and costs."). The insurance policy under which the Earleys seek declaratory relief is limited to $30,000. (Doc. # 1-4 at ¶ 1). Therefore, the amount in controversy as to the declaratory relief sought is $30,000, which

2

Metropolitan does not dispute. (Doc. # 1 at 3) ("In this case, Plaintiffs seek a declaration that the automobile insurance policy Metropolitan issued to Plaintiffs has stacked UM coverage within a $30,000 limit."); see N.H. Indem. Co. v. Scott, No. 8:11-cv-943-T-23MAP, 2012 WL 6537098, at *2 (M.D. Fla. Dec. 14, 2012) ("Thus, if the value of the underlying claim exceeds the insurer's potential liability under the policy, the amount in controversy in the declaratory judgment action is the insurer's potential liability under the policy – the policy limit.").

In its notice of removal, Metropolitan argues that the attorney's fees sought by the Earleys in this case exceed $45,000, which, combined with the $30,000 insurance policy, would mean that the amount in controversy exceeds $75,000. (Doc. # 1 at 3-4). For this proposition, Metropolitan attaches the declaration Irene Porter, an insurance litigator, who offers: "Based on my experience in handling insurance coverage litigation in cases similar to this one, it is likely that the plaintiffs' attorney will incur and claim at least 120 hours of attorney time in this case through summary judgment alone. Additionally, certain paralegal work will likely be incurred and claimed." (Doc. # 1-1 at 3). Porter

concludes that she anticipates the Earleys' claim for attorney's fees to exceed $45,000. (Id.).

However, the only concrete amount in controversy here remains the $30,000 stemming from the insurance policy at issue. Indeed, courts in the Eleventh Circuit have repeatedly held "that only those attorney's fees incurred as of removal are 'in controversy'" for diversity jurisdiction purposes. Shelly v. Target Corp., 446 F. Supp. 3d 1011, 1014 (S.D. Fla. 2019); see also Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC, No. 3:20-cv-1165-J-34JBT, 2020 WL 6502662, at *3 (M.D. Fla. Nov. 5, 2020) ("[I]n this Court's view, the amount of attorneys' fees to be included in a calculation of the amount in controversy includes only the amount of fees incurred as of the time of removal, and does not include prospective fees." (citation omitted)). The Court agrees. Yet, Metropolitan provides no proof of attorneys' fees incurred prior to removal and there is no indication that such fees exceeded $45,000 at the time of removal.

Therefore, Metropolitan has failed to persuade the Court that the amount in controversy exceeds $75,000. As mentioned, the only concrete amount in controversy in this case is the $30,000 insurance policy. Thus, Metropolitan has not carried its burden of establishing this Court's diversity

4

jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject-matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of January, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE